UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARTY RAY ROUSE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:23-CV-109-TAV-JEM |
| | ) |
| HANCOCK COUNTY | ) |
| SHERIFF DEPARTMENT, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On March 28, 2023, Jennifer Rouse filed a federal habeas action under 28 U.S.C. § 2254 on behalf of her husband, Martin Ray Rouse, a prisoner presumably housed in the Hancock County Jail [Doc. 1]. On April 4, 2023, this Court entered an Order providing Mr. Rouse ("Petitioner") twenty-one days to complete, personally sign, and return a § 2254 form, and to update his current physical address [Doc. 3 p. 2-3]. That deadline has passed, and Petitioner has not complied with the Court's Order or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the Petitioner "to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); see also *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); see also *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district

court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

First, Petitioner's failure to timely comply with the Court's Order was due to Petitioner's willfulness or fault. Petitioner has chosen not to comply with, or even respond to, the Court's Order. Second, the Court finds that Petitioner's failure to comply with the Court's order has not prejudiced Respondent, as Respondent has not yet appeared in this action. Third, the Court's Order expressly warned Petitioner that failure to comply with the Court's April 4th Order would result in the dismissal of this action [Doc. 3 p. 2]. Finally, the Court concludes that alternative sanctions are not warranted, as Petitioner has failed to comply with the Court's unambiguous instructions.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).

2

Petitioner's pro se status did not prevent him from complying with the Court's Order, and his status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** pursuant to Rule 41 of the Federal Rules of Civil Procedure, and all pending motions[1] will be **DENIED** as moot.

The Court must also consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. As jurists of reason would not debate the Court's finding that this action should be dismissed under Rule 41(b) based on Petitioner's failure to prosecute and comply with Court orders, a COA **SHALL NOT ISSUE**. Further, the Court also

---

[1] Petitioner's wife, Jennifer Rouse, has filed a "Motion of Emergency Release" on behalf of Petitioner, an inmate housed at the Hancock County Jail [Doc. 4]. However, Ms. Rouse lacks standing to proceed on behalf of Petitioner, as she has not provided an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why Petitioner cannot prosecute this action on his own behalf. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (quotation marks omitted).

**CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE